UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILMER ONIRT SANCHEZ-
TAPIAS,

       Petitioner,

  v.                           Case No.:  2:26-cv-01720-SPC-NPM

MARKWAYNE MULLIN *et al.*,

       Respondents,

                               /

## OPINION AND ORDER

Before the Court is Wilmer Onirt Sanchez-Tapias's Petition for Writ of Habeas Corpus (Doc. 1).

Sanchez-Tapias, a noncitizen in immigration detention, sought habeas relief from this Court in *Sanchez-Tapias v. Noem*, M.D. Fla. Case No. 2:26-cv-309-SPC-DNF.  He claimed the government unlawfully detained him under 8 U.S.C. § 1225(b)(2), which mandates detention, rather than § 1226(a), which authorizes discretionary detention and entitles detainees to a bond hearing. The Court agreed and ordered the respondents to either bring Sanchez-Tapias before an immigration judge for a bond hearing or release him from custody.

On March 5, 2026, an immigration judge denied bond:

Respondent has not met his burden in establishing he is a suitable bail risk – sponsor has not submitted any financials; no proof of ownership of any property, no savings, and has not submitted an application for relief to be able to determine strength or weakness

of his claim. see Matter of Guerra. Also, no original ID document submitted to DHS.

(Doc. 1 at 14).  Sanchez-Tapias did appeal, but he asked the immigration judge to reconsider his bond request based on his counsel's failure to submit evidence. The immigration judge evaluated additional evidence submitted by Sanchez-Tapias and found it would not have changed his decision to deny release on bond.

Sanchez-Tapias argues the immigration judge erred by initially denying his bond request and declining to reconsider the decision based on the additional evidence.  But the proper way to challenge the result of a bond hearing is appeal to the BIA.  This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).  Accordingly, Sanchez-Tapias's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

2